IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,401-01






EX PARTE JUAN RAUL NAVARRO RAMIREZ









ON MOTION FOR EXTENSION OF TIME TO FILE APPLICATION FOR WRIT
OF HABEAS CORPUS IN CAUSE NO. CR-0551-04-G(1)

IN THE 370TH DISTRICT COURT

HIDALGO COUNTY





 Per Curiam. 



O R D E R



 This case is before us because applicant has filed a motion for an extension of time
to file an application for writ of habeas corpus pursuant to the provisions of Texas Code of
Criminal Procedure Article 11.071. (1)


 In December 2004, a jury convicted applicant of capital murder and the trial court
sentenced him to death. (2) Thereafter, the trial court immediately appointed an attorney to
represent applicant on an Article 11.071 writ application, but subsequently released that
attorney from his duties in the case. On July 7, 2008, this Court released that attorney from
his duties in this case, and appointed new counsel Paul Mansur to represent applicant on
habeas. We gave Mansur 270 days in which to file an application on applicant's behalf. 
Thus, applicant's writ application is due to be filed in the trial court on or before April 3,
2009. However, as the due date draws closer, Mansur, who has only had since July 2008 to
conduct his own investigation of applicant's case, has expressed concern over whether he
will have enough time to complete that investigation. Acknowledging that the trial court is
without the authority to grant him an extension, but believing that he still needs more time
than he has remaining to properly develop applicant's claims, Mansur has filed with this
Court an early motion for an extension of time under Article 11.071 § 4A. 

 Given the difficulties in obtaining the full record in the case, Mansur's diligence in
pursuing the case, and the lack of an objection from the State, we hold that Mansur has
shown good cause supporting his request for additional time to file applicant's writ
application. Although the extension allowed by Article 11.071 § 4A is technically only
invoked after a party has failed to timely filed a writ application, we grant Mansur's
preemptive motion and hold that he shall have an additional 90 days from the day the writ
application is currently due to file the application. Thus, applicant's writ application shall
be due in the trial court on or before July 2, 2009. 

 IT IS SO ORDERED THIS THE 11TH DAY OF FEBRUARY, 2009.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of Criminal
Procedure.
2. This Court affirmed the conviction and sentence. Ramirez v. State, No. AP-75,167
(Tex. Crim. App. Dec. 12, 2007)(not designated for publication).